On Opposition of Heirs.
The opinion of the court was delivered by
Manning, O. J.
John Fisher was appointed and qualified as executor of Maria Bauman’s will. He was also one of her heirs. The property consists of improved lots in the town of New Iberia, which were inventoried at f7,350. He has filed three accounts, to which two of the heirs presented as many separate oppositions. The grounds of opposition are numerous, and evidently designed to put him to the proof of his whole gestión. Some of them were that the rents, due and *1139 uncollected, were not accounted for — that rents which ought to have been obtained, and were not, should be charged to him — that the sums paid for repairs, etc. are excessive, and were not owing by the property— that he paid his lawyers too much, and ought not to have paid them •at all out of the succession funds, but out of his own — that he can not retain the sum due (11156.50) for rent by some of the heirs, or remit to them what should be paid on that account, etc.
It is quite impossible, and would be improper, to go through these •accounts in this opinion item by item, and state the charge, the proof, and its effect. The vouchers and the oral testimony of the executor are very complete, and in our judgment substantiate the account in its entirety. Besides which, we meet in this case what we had placed before us in another case at this term — two whole transcripts of other cases offered, we are informed, to prove rem ipsam. The fact could ■so easily have been stated under the form of a joint admission that we are not inclined hereafter to permit this mode of burthening the court with unnecessary labour.
It is very easy for persons, who have had nothing to do with the practical management of an estate, to conceive sundry ways in which its revenues might and ought to have been increased, and its expenses diminished. This house did not rent for what might have been obtained for it, or that house was shut up when a tenant might have been had. The ■sum charged here for repairs is excessive, and that charged there was' uselessly expended. But all who are familiar with the management of successions in the last few years, either as executor or lawyer, know the many and serious embarrassments, and hindrances, that have, existed to the successful gestión of an estate. The executor of Mrs. Bauman has shewn more than ordinary care, judgment, and diligence, in the collection of the small rents for each lot, and as a whole, his administration, thus far is not fairly liable to attack.
There is some question as to the proof of some of the items — its ■sufficiency, completeness, etc. An executor must sustain his charges by proof, but the kind and degree of proof varies according to other facts which may be proved, or which appear on the face of the papers. For instance, an executor whose general management is characterized by fidelity and integrity, will have a presumption raised in his favor of the correctness of his account, and many items charged by such a representative of a succession will be admitted and approved upon slenderer proof than would be required of one who had by his conduct exhibited •the purpose to administer for his personal benefit, instead of for that of those who are entitled to the succession, and who had united negligence to rapacity in dealing with the property and funds of the succession.
The appellee prays the amendment of the judgment, so as to decree *1140 that the heirs are not responsible for rents. Some of the heirs occupy some of the houses. It would be unjust and unequal to permit these to-use'portions of the property free of charge, while other heirs are not using any part of the property. And there are probably not two heirs-who are using property of same value. The rent of the house, used by one may be much larger than the rent of that used by another. The heirs should account for the rents when the final settlement is made.. The rents are to be considered as so much advance paid to the heirs by the executor on each of their portions.
The judgment of the lower court is correct, and it is affirmed.